Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| ATLANTIC WASTE DISPOSAL, INC.<br><br>*Peticionario*<br><br>v.<br><br>MUNICIPIO AUTÓNOMO DE VEGA BAJA Y HON. MARCOS CRUZ MOLINA<br><br>*Recurrido* | TA2025CE00250 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: BY2022CV05596<br><br>Sobre: Incumplimiento de Contrato, Sentencia Declaratoria, Daños, Cobro de Dinero-Ordinario |

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Juez Barresi Ramos y la Jueza Santiago Calderón

Santiago Calderón, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 18 de septiembre de 2025.

Comparece ante nos, Atlantic Waste Disposal Inc. (Atlantic o peticionario) quien presenta recurso de *Certiorari* y nos solicita la revisión de la *Orden*[1] emitida y notificada el 17 de julio de 2025, por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI o foro recurrido). Mediante el referido dictamen, el TPI ordenó la continuación de la deposición del presidente de Atlantic, el señor Alberto Muñiz Molinero (señor Muñiz Molinero).

Por los fundamentos que exponemos a continuación, **denegamos** la expedición del auto de *Certiorari*.

**I.**

El caso de autos tuvo su génesis el 2 de noviembre de 2022, cuando el peticionario instó una *Demanda*[2] sobre incumplimiento de contrato en contra del Municipio Autónomo de Vega Baja (Municipio o recurrido). Específicamente, Atlantic adujo que, el

---

[1] Apéndice 127 del recurso de *Certiorari*.
[2] Apéndice 1 del recurso de *Certiorari*.

Municipio canceló el *Contrato para el Recogido de Desperdicios Sólidos*[3] (Contrato) sin seguir el proceso establecido contractualmente. Por ello, solicitó al TPI lo siguiente:

> 1. Dicte sentencia declaratoria determinando que la terminación del Contrato de 30 de septiembre de 2022 es nula e inoficiosa, de conformidad con los propios términos y condiciones del mismo;
>
> 2. Condene al Municipio y a su Alcalde a pagar a AWDI la cantidad de Quince Millones Cuatrocientos Noventa y Cinco Mil dólares ($15,495,000.00) por concepto de lucro cesante;
>
> 3. Condene al Municipio Autónomo y a su Alcalde a pagarle a AWDI una cantidad no menor de un millón de dólares ($1,000,000.00) en concepto de daños emergentes, de darse por terminado el Contrato;
>
> 4. Condene al Municipio y a su Alcalde a pagarle a AWDI una cantidad no menor de ciento cincuenta mil dólares ($150,000.00) en concepto de honorarios de abogados; y
>
> 5. Dicte cualquier otra orden que en derecho proceda[4].

Tras varios trámites procesales, el 30 de enero de 2023, el recurrido presentó *Contestación a la Demanda y Reconvención*[5]. En síntesis, el Municipio arguyó que el peticionario incumplió con sus deberes contractuales, pues dejó de recoger satisfactoriamente la basura doméstica como estaba obligado conforme los términos del *Contrato*. Asimismo, explicó que, a raíz del incumplimiento de Atlantic, tuvo que identificar y redirigir recursos adicionales para atender el problema de recogido de basura. Particularmente, tuvo que hacer una subasta y otorgar un contrato de emergencia a otra compañía para que realizara las gestiones que la empresa contratada se negaba a realizar. Es por lo anterior que, el Municipio le solicitó al foro recurrido que desestimara la *Demanda*, una indemnización por el incumplimiento, una suma razonable por concepto de honorarios de abogado y las costas del litigio.

Por su parte, el 14 de marzo de 2023, el peticionario sometió su *Contestación a Reconvención*[6]. Allí planteó la doctrina de estoppel,

---

[3] *Íd.*, Anejo 1.
[4] Apéndice 1 del recurso de *Certiorari.*
[5] Apéndice 13 del recurso de *Certiorari.*
[6] Apéndice 24 del recurso de *Certiorari.*

la cual establece que no se puede crear una causa de acción si va contra tus propios actos. Por ende, argumentó que el Municipio incumplió en primera instancia con su responsabilidad en conformidad al contrato suscrito entre ellos y ahora pretendía alegar incumplimiento de contrato y daños.

Ese mismo día, el TPI emitió la *Orden Conferencia Inicial*[7], la cual fue pautada para el 26 de junio de 2023. De igual forma, ordenó que el Informe de Manejo de Caso debía presentarse con diez (10) días de anticipación a la celebración de la vista. En cumplimiento con lo anterior, el 19 de junio de 2023, las partes presentaron el *Informe para el Manejo del Caso*[8].

Llegado el día de la Conferencia Inicial, se calendarizó la toma de deposición del señor Muñiz Molinero para el 25 de octubre de 2023, a las 9:00 a.m., de manera presencial[9]. No obstante, se suscitaron varios incidentes procesales, entre ellos, la solicitud de intervención del Tribunal para que el recurrido produjera su contestación al pliego de interrogatorios. Sin embargo, el 11 de septiembre de 2023, mediante la *Orden Descubrimiento de Prueba*[10] el TPI resolvió que solo después de agotado el mecanismo de reunión entre abogados, podían solicitar la intervención del foro recurrido mediante una moción conjunta donde se discutiera cada posición.

El 30 de noviembre de 2023, el peticionario presentó una *Moción Informativa en Torno a Descubrimiento de Prueba*[11] en la cual le informó al TPI lo siguiente:

> [...] (H)emos dialogado con los representantes legales de la parte demandada y hemos separado en nuestros calendarios las siguientes fechas para tomar de deposición a los siguientes testigos:
>
> 1. Alcalde – Marcos Cruz Molina
> 2. Directora Salud Ambiental y Transportación – Carmen Yadira Ruiz

---

[7] Apéndice 23 del recurso de *Certiorari*.
[8] Apéndice 29 del recurso de *Certiorari*.
[9] Apéndice 32 del recurso de *Certiorari*.
[10] Apéndice 40 del recurso de *Certiorari*.
[11] Apéndice 48 del recurso de *Certiorari*.

3. Francisco Fernández
4. José Vega Ramos
5. Marisol Rosado Sepúlveda
6. Freddie Ramos Medina
7. Luis Pérez Santos
8. Ana Avilés
9. Juan Carlos Lozada Dávila
10. Johanny Valentín Cabrera
11. Ixaivia Rivera Rosario
12. Janice Meléndez López
13. Ivette Andino Rosario
14. Evelyn Torres Martínez
15. Iris Pizarro Rosario
16. María Marrero
17. Alison Torres Luciano
18. Carla Quiles Ramos

A consecuencia de lo anterior, preliminar y tentativamente se han separado las siguientes fechas:

6, 13, 14, 22, 27 de febrero de 2024
5, 7 y 14 de marzo de 2024.

[...][12].

Mientras que, el Municipio sometió *Moción Informativa Sobre Deposiciones*[13] en la cual informó que el 9 de abril de 2024, le tomaría la deposición al señor Muñiz Molinero.

Así las cosas, el 16 de enero de 2024[14], se celebró una Conferencia sobre el Estado de los Procedimientos, en la que el foro recurrido dispuso que el descubrimiento de prueba concluiría el 10 de junio de 2024 y la fecha límite para presentar mociones dispositivas sería el 18 de julio de 2024. El 21 de mayo de 2024, Atlantic solicitó una extensión de término para el descubrimiento de prueba[15]. Esto, debido a que le estuvo tomando deposiciones a un sin número de testigos que, a su vez, incidió en que se hicieran una serie de requerimiento de documentos. El recurrido expuso que no se oponía a la extensión del término[16] y, por ello, el TPI emitió una *Orden*[17] en la cual extendió el descubrimiento de prueba por ciento veinte (120) días adicionales.

---

[12] *Íd.*
[13] Apéndice 49 del recurso de *Certiorari.*
[14] Apéndice 52 del recurso de *Certiorari.*
[15] Apéndice 60 del recurso de *Certiorari.*
[16] Apéndice 82 del recurso de *Certiorari.*
[17] Apéndice 83 del recurso de *Certiorari.*

El 20 de junio de 2024, se celebró una vista donde el TPI volvió a extender el descubrimiento de prueba hasta el 15 de octubre de 2024[18]. Así pues, luego de varios incidentes en torno al descubrimiento de prueba, el 28 de agosto de 2024, las partes comparecieron mediante *Moción Conjunta Informando Descubrimiento de Prueba Pendiente y en Solicitud de Extensión de Término*[19]. En ella, expresaron estar de acuerdo con extender el plazo para el descubrimiento de prueba hasta el 31 de marzo de 2025, con compromisos específicos para entregar la documentación pendiente en septiembre de 2024, y propusieron fechas entre octubre y noviembre de 2024 para la deposición del señor Muñiz Molinero.

Evaluada la moción, el 30 de agosto de 2024[20], el foro recurrido dictó una *Orden*[21] y dispuso lo siguiente: "[s]e extiende el descubrimiento de prueba a vencer el **28 de febrero de 2025**. Lo que no se descubra antes de esa fecha se renunció. Las deposiciones coordinadas no podrán ser suspendidas sin previa autorización del Tribunal". (Énfasis suplido).

Finalmente, la deposición del señor Muñiz Molinero fue tomada el 22 de enero de 2025[22]. Pertinente a la controversia que nos ocupa, en la deposición, el Municipio le solicitó al señor Muñiz Molinero que proveyera los detalles con respecto a cualquier declaración testifical previa, una lista exhaustiva de todas las corporaciones donde él tiene o ha tenido acciones y una compilación de todas las demandas judiciales en las que él y/o sus corporaciones han estado involucrados. Así pues, el señor Muñiz Molinero respondió a las preguntas realizadas por el Municipio y constató

---

[18] Apéndice 88 del recurso de *Certiorari*.
[19] Apéndice 97 del recurso de *Certiorari*.
[20] Notificada el 4 de septiembre de 2025.
[21] Apéndice 98 del recurso de *Certiorari*.
[22] Véase, Apéndice 108 del recurso de *Certiorari*, Anejo 1.

tener dos corporaciones, Platinium Waste y Atlantic Waste[23]. Mas tarde, el recurrido intentó realizar una pregunta relacionada a Platinium, sin embargo, Atlantic instruyó al señor Muñiz Molinero a que no respondiera a preguntas relacionadas a Platinium[24]. Es por lo anterior que, el peticionario objetó la información solicitada por alegadamente ser impertinente[25].

Tras el paso de algún tiempo, el 5 de marzo de 2025, el peticionario le informó al TPI que en esa misma fecha le cursó una oferta transaccional al Municipio[26]. Así pues, el 20 de marzo de 2025, se celebró una Vista Transaccional en la cual el recurrido expresó que las partes estaban alejadas en cuanto a un acuerdo transaccional[27]. De igual forma, añadió que le tomó deposición al señor Muñiz Molinero, que estaba en espera de la transcripción y que, una vez recibida, presentaría un escrito, pues no obtuvo las respuestas a las preguntas realizadas[28]. Por su parte, el TPI hizo constar que el descubrimiento de prueba concluyó el 28 de febrero de 2025, y procedió a señalar la Conferencia con Antelación a Juicio para el 30 de octubre de 2025[29]. El 28 de marzo de 2025, Atlantic compareció al foro recurrido reiterando que el descubrimiento de prueba expiró el 28 de febrero de 2025[30].

El 9 de abril de 2025, el recurrido presentó una moción en la cual informó que la controversia en torno a las respuestas del señor Muñiz Molinero a la deposición persistía, y que, entendía que, cuando el abogado instruye a su cliente a no contestar, no requiere mayor trámite o esfuerzo con el otro abogado antes de acudir al Tribunal[31]. Al día siguiente, el TPI concedió el "[p]lazo de 15 días

---

[23] *Íd.* pág. 11.
[24] *Íd.* pág. 26.
[25] *Íd.*
[26] Apéndice 101 del recurso de *Certiorari.*
[27] Apéndice 103 del recurso de *Certiorari.*
[28] *Íd.*
[29] *Íd.*
[30] Apéndice 104 del recurso de *Certiorari.*
[31] Apéndice 114 del recurso de *Certiorari.*

para que ambas representaciones legales intercambien sus solicitudes de información. Expirado dicho término le corresponderá a la parte demandada informar al tribunal el resultado de sus conversaciones"[32].

En cumplimiento con lo antes mencionado, el 29 de abril de 2025, el Municipio compareció ante el foro recurrido e informó que el 22 de abril de 2025, le solicitó al peticionario la información adicional necesaria de descubrimiento de prueba y varias fechas hábiles para continuar la deposición del señor Muñiz Molinero[33]. No obstante, informó que, a la fecha de la moción, Atlantic no había respondido a dicha comunicación[34]. Oportunamente, Atlantic compareció solicitando una prórroga hasta el 7 de mayo de 2025, para notificar su respuesta a la comunicación recibida el 22 de abril de 2025, en la cual se solicitó información adicional relacionada con la deposición del señor Muñiz Molinero[35].

Sin embargo, el 30 de abril de 2025, el foro recurrido emitió una *Orden*[36] en la cual dispuso que el señor Muñiz Molinero debía contestar las preguntas que se negó a responder en la deposición. Inconforme, el 6 de mayo de 2025, el peticionario arguyó que, la deposición del señor Muñiz Molinero fue tomada durante el mes de enero de 2025 y que el descubrimiento de prueba venció el 28 de febrero de 2025. De igual manera, adujo que no se realizó ninguna gestión previa al vencimiento del descubrimiento de prueba para salvaguardar y/o atender la alegada controversia en cuestión[37].

El 7 de mayo de 2025, el TPI dictó *Orden*[38] en la que expuso que las controversias en torno a la prueba debían solucionarlas en reunión entre abogados y concedió un término de veinte (20) días

---

[32] Apéndice 115 del recurso de *Certiorari*.
[33] Apéndice 116 del recurso de *Certiorari*.
[34] *Íd.*
[35] Apéndice 117 del recurso de *Certiorari*.
[36] Apéndice 118 del recurso de *Certiorari*.
[37] Apéndice 120 del recurso de *Certiorari*.
[38] Apéndice 121 del recurso de *Certiorari*.

para que comparecieran conjuntamente. No obstante, el 29 de mayo de 2025, Atlantic informó que el Municipio no se había comunicado para coordinar la reunión entre abogados ordenada y, por consiguiente, el plazo para coordinar la reunión venció y no se realizó ninguna gestión[39].

Ese mismo día, el TPI dispuso: "[t]enga la parte demandada 10 días para mostrar cumplimiento con lo ordenado el 7 de mayo de 2025, so pena de declarar con lugar el remedio solicitado"[40]. El 9 de junio de 2025, el recurrido sometió una *Moción en Cumplimiento de Órdenes*[41] en la cual informó la coordinación de una reunión para discutir las controversias de descubrimiento de prueba pendientes para el miércoles 18 de junio de 2025, en las oficinas de los abogados de Atlantic. Llevada a cabo la reunión, el 16 de julio de 2025, las partes comparecieron conjuntamente y expusieron cada cual su posición e informaron que no se habían logrado acuerdos[42].

Así las cosas, el 17 de julio de 2025, el TPI emitió y notificó una *Orden* en la cual les ordenó a las partes que coordinaran la continuación de la deposición del señor Muñiz Molinero para una fecha razonable, que no debía extenderse más allá de los próximos treinta (30) días.

Inconforme con la determinación, el 5 de agosto de 2025, Atlantic acudió ante nos mediante el recurso de epígrafe y le imputó al TPI la comisión de los siguientes errores:

> Erró el TPI al abusar de su discreción y ordenar la continuación de la deposición del señor Muñiz Molinero, luego de haberse vencido la fecha límite para descubrimiento de prueba, cuando tal petición fue incoada fuera del término provisto. Dicha determinación le causa un perjuicio al Demandante-Recurrente al obligarlo a incurrir en costos adicionales, prepararse para continuar con el proceso y posponer una posible y necesaria resolución sumaria.
>
> Erró el TPI al autorizar la continuación de la deposición sin siquiera considerar las objeciones del Demandante-

---

[39] Apéndice 122 del recurso de *Certiorari*.
[40] Apéndice 123 del recurso de *Certiorari*.
[41] Apéndice 124 del recurso de *Certiorari*.
[42] Apéndice 126 del recurso de *Certiorari*.

Recurrente sobre la pertinencia de la información que se pretende obtener y la protección de esta por privilegios.

El 12 de agosto de 2025[43], emitimos una *Resolución* en la cual le concedimos al recurrido hasta el 4 de septiembre de 2025 para que presentara su alegato en oposición. En cumplimiento con lo anterior, el Municipio compareció mediante *Memorando en Oposición a la Expedición del Auto de Certiorari Presentado por Atlantic Waste Disposal, Inc.*

Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

**II.**

**-A-**

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior[44]. La determinación de expedir o denegar este tipo de recursos se encuentra enmarcada dentro de la discreción judicial[45]. De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera"[46]. Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho"[47].

Con el fin de que podamos ejercer de forma sabia y prudente nuestra facultad discrecional de entender o no en los méritos de los asuntos que nos son planteados mediante el recurso de *certiorari*, la Regla 40 del Reglamento del Tribunal de Apelaciones[48], señala los

---

[43] Notificada el 13 de agosto de 2025.

[44] Véase *Torres González v Zaragoza Meléndez*, 211 DPR 821 (2023); *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *García v. Padró*, 165 DPR 324, 334-335 (2005); *Negrón v. Srio. de Justicia*, 154 DPR 79, 90-92 (2001).

[45] *Íd.*

[46] *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2014); *Negrón v. Srio. de Justicia, supra*, pág. 91.

[47] *Íd.*

[48] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. __, 215 DPR __ (2025).

criterios que para ello debemos considerar. Éstos son:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Un *certiorari* solo habrá de expedirse si al menos uno de estos criterios aconseja la revisión del dictamen recurrido. Es decir, el ordenamiento impone que ejerzamos nuestra discreción y evaluemos si, a la luz de alguno de los criterios contenidos en la misma, se requiere nuestra intervención.

**-B-**

Las Reglas de Procedimiento Civil[49], "proveen una serie de mecanismos que las partes pueden utilizar para descubrir, obtener o perpetuar la prueba necesaria para sustanciar sus alegaciones en el acto del juicio"[50]. Uno de estos mecanismos son las deposiciones, las cuales son definidas como "aquella declaración que, precediendo juramento, se recibe del reo o testigos, u otro en alguna causa civil o negocio civil"[51].

La Regla 27 de las de Procedimiento Civil[52] comprende lo que son las deposiciones mediante examen oral. Pertinente a la

---

[49] 32 LPRA Ap. V., *et seq.*
[50] *Scotiabank de Puerto Rico v. ZAF Corporation*, 202 DPR 478, 490 (2019) *citando a Rivera y Otros v. Bco. Popular*, 152 DPR 140, 151-152 (2000).
[51] J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2da ed. rev., Estados Unidos de Norte América, Publicaciones JTS, 2011, Tomo III, pág. 929.
[52] 32 LPRA Ap. V., R. 27.7.

controversia que nos ocupa, la Regla 27.7(b)(4) de las de Procedimiento Civil[53] regula la forma del interrogatorio, las objeciones y la negativa a contestar. En específico, dispone lo siguiente:

> Un o una deponente está obligado u obligada a contestar todas las preguntas que se le formulen durante el transcurso de una deposición, excepto: (i) para preservar un privilegio, (ii) para poner en vigor alguna limitación impuesta mediante orden del tribunal o, (iii) cuando la pregunta es claramente impropia y contestarla causaría gran perjuicio a una persona. **Por consiguiente, un abogado o una abogada no instruirá al o a la deponente que no conteste, salvo para preservar un privilegio** o poner en vigor alguna limitación impuesta mediante orden del tribunal. **Cualquier negativa a contestar o instrucción para que no se conteste una pregunta deberá estar acompañada con una expresión clara y sucinta para el expediente de los fundamentos en que se basa la negativa o la instrucción.** Si un o una deponente se niega a contestar una pregunta, las partes podrán iniciar una conferencia telefónica con el juez o la jueza que preside la sala ante la cual se ventila el caso, a los fines de obtener una resolución del tribunal con respecto al asunto en controversia. En tal caso, las partes actuarán en conformidad con lo dispuesto por el tribunal en ese momento, el cual levantará un acta a esos efectos que será notificada a las partes. De no estar disponible el tribunal, la deposición continuará sobre todo aquel asunto no relacionado con la objeción[54]. (Énfasis nuestro).

## III.

En apretada síntesis, Atlantic nos solicitó que revoquemos la *Orden* recurrida, pues arguyó que el TPI incidió al ordenar continuar con la deposición del presidente de Atlantic, el señor Muñiz Molinero.

Según adelantamos en la exposición del derecho, todo recurso de *certiorari* presentado ante este foro apelativo intermedio deberá ser examinado primeramente al palio de la Regla 52.1 de las de Procedimiento Civil, *supra*. De una lectura de la referida norma, surge que nuestro ordenamiento jurídico procesal no nos confiere autoridad para expedir un recurso de *certiorari* y revisar una controversia como la presente, pues la *Orden* recurrida no está contemplada bajo la precitada regla. Por otro lado, ninguno de los

---

[53] 32 LPRA Ap. V., R. 27.7(b)(4).
[54] *Íd*. Vease, J.A. Echevarría Vargas, *Procedimiento Civil Puertorriqueño*, 3ra ed. Rev, Ponce, Puerto Rico, págs. 259-260.

planteamientos presentados nos persuade a concluir que nuestra intervención es necesaria para evitar un fracaso irremediable de la justicia ni que se trata de un asunto que reviste interés público.

De igual manera, al haber considerado los hechos del caso de autos, no estamos convencidos que se cumple con alguno de los criterios de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*.

Colegimos que el recurso de epígrafe no es revisable, por lo cual procede denegarlo sin trámite ulterior para que continúen los procedimientos correspondientes.

### IV.

De conformidad con lo antes expresado, ***denegamos*** la expedición del auto de *Certiorari* solicitado por Atlantic. Se devuelve el caso al foro de instancia para la continuación de los procedimientos[55].

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís<br>
Secretaria del Tribunal de Apelaciones

---

[55] A tenor con lo dispuesto en la Regla 35 (A) (1) del Reglamento del Tribunal de Apelaciones, el Tribunal de Primera Instancia puede proceder de conformidad con lo aquí resuelto, sin necesidad de tener que esperar por nuestro mandato. Regla 35 (A)(1) del Reglamento del Tribunal de Apelaciones, según enmendada, In re Aprob. Enmdas. Reglamento TA, 2025 TSPR 42, pág. __, 215 DPR __ (2025).